UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. NELSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, a governmental entity, et. al.,<br><br>Defendants. | No. 2:12-cv-02040-MCE-GGH<br><br>**MEMORANDUM AND ORDER** |

Plaintiff James M. Nelson ("Plaintiff") filed his Second Amended Complaint ("SAC") against Defendants County of Sacramento ("County"), Sacramento County Sherriff's Department ("Sheriff's Department"), Sacramento County Sheriff Scott. R. Jones ("Jones"), Murray Boulware ("Boulware"), Sacramento County Sheriff's Deputy Michael Vale ("Vale"), and Sacramento County Sheriff's Deputy Jeffrey Shelldorf ("Shelldorf") (collectively referred to as "Defendants") on March 12, 2013.  Plaintiff alleges in his SAC that Defendants deprived him of his Constitutional rights in violation of 42 U.S.C. § 1983 and also committed battery, assault, false arrest, intentional infliction of emotional distress and elder abuse against him.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

Now before the Court is Defendants' Motion to Strike. (ECF Nos. 32.) In Defendants' Motion to Strike, Defendants request that this Court strike Plaintiff's claims for punitive damages and attorneys' fees. (Id.) Alternatively, Defendants included a footnote requesting that "to the extent the Court believes that Defendants' requests to strike punitive damages needs to proceed under Federal Rules of Civil Procedure 12(b)(6), Defendants respectfully request that the Court consider Defendants' Motion to Strike as a Motion to Dismiss under Rule 12(b)(6)."[2] (Id.) The Court will analyze Defendants' Motion to Strike as a Motion to Strike under Rule 12(f); it will not analyze Defendants' Motion to Strike as a Motion to Dismiss because the moving papers do not contain any Rule 12(b)(6) arguments and merely suggest that the Court should review the Motion to Strike under Rule 12(b)(6) in a footnote on page five of the document. (ECF No. 32.) If Defendants wish to file a Motion to Dismiss, Defendants should comply with Local Rule 230(b) and file a properly noticed Motion to Dismiss so that Plaintiff can respond accordingly. Plaintiff opposed Defendants' Motion to Strike. (ECF No. 35.) The Court DENIES Defendants' Motion to Strike (ECF No. 32) for the reasons described below.

Defendant Jones also filed a Motion to Dismiss the elder abuse claim against Defendant Jones. (ECF No. 33.) Plaintiff filed a Statement of Non-Opposition to Defendant Jones' Motion to Dismiss upon further review of the law. (ECF No. 34.) Accordingly, the elder abuse claim against Defendant Jones is GRANTED and dismissed with prejudice. (ECF No. 33.)

///
///
///
///
///

---

[2] All further references to Rule or Rules refer to the Federal Rules of Civil Procedure unless otherwise specified.

## BACKGROUND

Plaintiff is a seventy-two-year-old veteran with hearing problems who subsists on Social Security. (ECF No. 31.)[3] On January 1, 2012, he drove to Sacramento International Airport's Terminal B, which was under construction, to pick up his daughters. Plaintiff parked his car at the curb in front of the terminal and went inside to check the status of his daughters' flight. Plaintiff claims he did not see any signs restricting parking at the curb, but when he returned from the terminal, Boulware was placing a parking citation on Plaintiff's vehicle. Plaintiff claims he told Boulware that Plaintiff could not afford the ticket, but Boulware responded, "Not my problem." (Id.)

Plaintiff drove away, circled the airport, and returned to the terminal ten minutes later, remaining in the vehicle this time. Plaintiff alleges Boulware told Plaintiff that Plaintiff could not park at the curb and that if Plaintiff did not leave, "I will call the cops." Plaintiff alleges airport policy allowed motorists picking up passengers to sit at the curb for up to five minutes. Plaintiff told Boulware, "Someone should kick your ass" and "go ahead and call the cops." Plaintiff then drove away from the terminal a second time before turning around and once again heading back toward the airport. (Id.)

Plaintiff alleges Boulware informed the Sheriff's Department that Plaintiff was driving at the airport. According to Plaintiff, Vale and Shelldorf received a dispatch describing Plaintiff and his vehicle and then spotted Plaintiff driving back toward the terminal. According to Plaintiff, the deputies pulled over Plaintiff, who then stepped out of his vehicle to determine why the deputies stopped him. Plaintiff alleges the deputies threw him to the ground, pinned his right arm behind his back, punched him in the head, grabbed his left ankle, and dragged him on the road and into a standing position before handcuffing him. (ECF No. 31.)

///

---

[3] The facts included in the background section are taken, sometimes for verbatim, from the Court's previous order. (ECF No. 29.)

3

Plaintiff claims he then was treated for facial lacerations and abrasions before Vale and Shelldorf booked and jailed him at the Sacramento Central Main Jail for resisting arrest and obstructing a police officer in the performance of his duties. Plaintiff was released from jail about 4:30 a.m. on January 2, 2012, and claims he immediately went to the Sacramento Veteran's Administration Medical Center Emergency Department for examination and treatment. (Id.)

Plaintiff was charged with two misdemeanors: resisting a peace officer in the discharge of his duty and use of offensive words. (Id.) Plaintiff subsequently brought the present action and filed his SAC on March 12, 2013. (ECF No. 31.) He claims Vale and Shelldorf used excessive force against him during the arrest. Plaintiff further alleges the County, the Sheriff's Department, and Jones established and maintained an unconstitutional policy, decision, directive, action and/or order that resulted in: (1) deliberate indifference to a pattern of excessive force; (2) inadequate training of the deputies in questioning, detention, and custody of individuals; and (3) avoiding and/or covering up complaints of physical attacks on citizens by law enforcement officers. (ECF No. 31.) Plaintiff alleges Defendants' actions deprived Plaintiff of his Fourth, Fifth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. (Id.) In addition to his constitutional claims under § 1983, Plaintiff also asserts state tort claims for battery, assault, false arrest and intentional infliction of emotional distress, in addition to elder abuse under California Welfare & Institutions Code sections 15610.63 and 15657. (Id.)

## STANDARD

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

1  Federal Courts view motions under Rule 12(f) with disfavor and infrequently grant them.
2  5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 1998).
3  The Court views the pleading under attack "in the light more favorable to the pleader."
4  Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 2009 WL 2982900, at *23 (E.D. Cal.
5  Sept.14, 2009).
6       In order for a court to determine that a defense is "insufficient" as Rule 12(f)
7  requires, the Court "must be convinced that there are no questions of fact, that any
8  questions of law are clear and not in dispute, and that under no set of circumstances
9  could the defense succeed." J & J Sports Productions, Inc. v. Delgado, 2011 WL
10  219594, at *1-2 (E.D. Cal. Jan. 19, 2011) (quoting Schmidt v. Pentair, Inc., 2010 WL
11  4607412, at *2 (N.D. Cal. Nov. 4, 2010)); see also Bassett v. Ruggles et al., 2009 WL
12  2982895, at *24 (E.D. Cal. Sept.14, 2009); Lopez v. Wachovia Mortg., 2009 WL
13  4505919, at *5 (E.D. Cal. Nov. 20, 2009). "Immaterial matter is that which has no
14  essential or important relationship to the claim for relief or the defenses being pleaded."
15  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds
16  510 U.S. 517 (1994) (internal citations and quotations omitted). "Impertinent matter
17  consists of statements that do not pertain, and are not necessary, to the issues in
18  question." Id. (internal citations and quotations omitted). Redundant matter includes
19  "needless repetition of other averments or [allegations that] are foreign to the issue."
20  Sliger v. Prospect Mortg., LLC, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).
21       The Ninth Circuit has cautioned that if "the [C]ourt is in doubt as to whether
22  challenged matter may raise an issue of fact or law, the motion to strike should be
23  denied, leaving an assessment of the sufficiency of the allegations for adjudication on
24  the merits." Id. (quoting Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir.
25  2010)).
26  ///
27  ///
28  ///

# ANALYSIS

Defendants make several arguments about why Plaintiff's request for punitive damages and attorneys' fees should be stricken from Plaintiff's SAC. (ECF No. 32.) Generally, Defendants argue that various state codes, including California Government Code § 818, bar punitive damages and that Plaintiff failed to allege sufficient facts to warrant punitive damages or attorneys' fees under California Civil Code § 3294 or 42 U.S.C. § 1983. Plaintiff argues that Defendants' Motion to Strike is improper because Rule 12(f) empowers the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" not prayers for damages. (ECF No. 37.) In Plaintiff's moving papers, Plaintiff clarified that he is only requesting punitive damages from the individual Defendants, not the County or Sherriff's Department. (Id.)

There is clear precedent on this issue. In 2010, the Ninth Circuit ruled that Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, 618 F. 3d at 976. Whittlestone explained that a Rule 12(f) motion to strike damages is really an attempt to have certain portions of a complaint dismissed which is better suited for a Rule 12(b)(6) motion or a Rule 56 motion because Rule 12(f) is not an authorized or proper way to have all or parts of a complaint dismissed. District Courts within the Ninth Circuit have applied Whittlestone without criticism. See Duenez v. City of Manteca, 2011 WL 5118912, at *7 (Oct. 27, 2011) (denying defendants' motion to strike plaintiff's claim for damages incurred by decedent for his pain, suffering, and disfigurement prior to death). Therefore, the Court will apply Whittlestone and deny Defendants' Motion to Strike Plaintiff's claims for punitive damages and attorneys' fees. (ECF No. 32.)

///
///
///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Strike (ECF No. 32.) is DENIED and Defendants' Motion to Dismiss Plaintiff's elder abuse claim against Defendant Jones (ECF No 33.) is GRANTED without leave to amend.

IT IS SO ORDERED.

DATED:  June 19, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT