Jeffrey S. Behar, Esq., Bar No. 81565
Tina I. Mangarpan, Esq., Bar No. 117898
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center
Twenty-Seventh Floor
Long Beach, California  90831-2700
(562) 983-2500

Attorneys for Defendants, COUNTY OF SACRAMENTO, SACRAMENTO SHERIFF'S
DEPARTMENT, MURRAY BOULWARE, MICHAEL VALE and JEFFREY SHELLDORF
*Public Entity, Gov't Code Section 6103*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. NELSON,<br><br>　　　　　　Plaintiff,<br><br>　　Vs.<br><br>COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,  a governmental entity; SCOTT R. JONES, an individual; MURRAY BOULWARE, an individual; MICHAEL VALE, an individual; JEFFREY SHELLDORF, an individual,<br><br>　　　　　　Defendants. | No. 2:12-cv-02040-MCE-DAD<br><br>**STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION AND ORDER THEREON** |

It is hereby stipulated by and between PLAINTIFF JAMES NELSON AND

DEFENDANTS, COUNTY OF SACRAMENTO, SACRAMENTO SHERIFF'S

DEPARTMENT, MURRAY BOULWARE, MICHAEL VALE and JEFFREY SHELLDORF

through their respective attorneys of record:

Disclosure and discovery in this action are likely to involve the production of documents

and information regarding one or more parties' proprietary information, sensitive security

information, internal policies and procedures, and may include trade secret information, privacy

1

1   interests of the litigants and third parties not involved in this litigation, and other sensitive and

2   protected confidential information (all hereinafter collectively referred to as the "Confidential

3   Information"), which the parties desire to keep from public disclosure.

4          In order to facilitate discovery in this matter, while protecting and maintaining the

5   legitimate business and privacy interests of the parties, the parties, by and through their

6   respective undersigned counsel of record, do hereby stipulate to the following terms, and agree

7   to be bound by a Protective Order to be entered by the Court based thereon and as follows:

8          1.      The Confidential Information produced by counsel or subpoenaed from a witness

9   during the course of these proceedings, whether obtained directly from a party to this Stipulation

10  or from a third party, shall be clearly stamped or marked "CONFIDENTIAL" by or for counsel

11  for the party first in possession at the time of production.  All such Confidential Information shall

12  remain strictly confidential unless and until the Court rules otherwise.

13         2.      Failure of any party to designate Confidential Information as "CONFIDENTIAL,"

14  as provided above, shall not preclude that party from thereafter making such designation in good

15  faith.  Documents and materials so designated shall be fully subject to this Protective Order and

16  treated thereafter according to the new or corrected designation.  A receiving party, however, shall

17  incur no liability for disclosures made prior to notice of such designation.

18         3.       Without written permission from the designating party or a court order secured

19  after appropriate notice to all interested persons, a party may not file in the public record in this

20  action any Confidential Information.  A party that seeks to file under seal any Confidential

21  Information must comply with Local Rule 141.  If a party's request to file Confidential

22  Information under seal pursuant to Local Rule 141 is denied by the Court, the party may file the

23  information in the public record unless otherwise instructed by the Court.

24         4.      If a party objects to the provision of the protected material to the Court in any

25  motion, application or other Court document, the party interested in maintaining the confidentiality

26  of the document(s) at issue ("the Interested Party") shall file an application or motion to preserve

27  the confidentiality of the documents at issue within the ten (10) court day period, otherwise the

28  Interested Party will be deemed to have waived the confidentiality of the document(s) at issue.  The

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON

1   purpose of this alternative is to shift the burden of filing the application/motion to the party

2   interested in preserving the confidential status of the document at issue.

3        5.     Except as set forth herein, the universe of persons to whom disclosure of

4   Confidential Information may be made pursuant to the terms of this Stipulation and Protective

5   Order shall be limited to the following: a) the individual parties, b) directors, officers, insurers and

6   designated representatives of corporate parties, c) counsel for the parties and counsel's

7   employees/agents to whom disclosure is reasonably necessary to provide effective legal

8   representation to the parties, d) expert witnesses and consultants retained by the parties, or such

9   expert witnesses' or consultants' employees/agents to whom disclosure is reasonably necessary, e)

10   court reporters, and f) the Court and its personnel.  It is understood that the Confidential

11   Information covered by this Stipulation and Protective Order may not be disclosed to any

12   individuals other than those identified herein, without the prior written agreement of counsel for the

13   party/parties/third party who produced the Confidential Information.

14        6.     Each counsel and/or party shall ensure that all organizations (firms, experts,

15   consultants) to whom disclosure of Confidential Information is made by that counsel and/or party

16   are given a copy of this Stipulation and Protective Order and they agree on behalf of their

17   organization to abide by its terms.  Counsel for the respective parties shall require each such person

18   to sign a statement in essentially the form of "Exhibit A" attached to this Stipulation and Protective

19   Order.  Counsel shall maintain copies of each statement of compliance or copy of this Stipulation

20   and Protective Order signed by the responsible person for any organization to whom disclosure of

21   Confidential Information is made.

22        7.     Nothing in this Stipulation and Order shall be construed in any manner to prevent the

23   use of Confidential Information covered by this Stipulation and Protective Order during deposition

24   or other pretrial testimony with a witness and/or as an exhibit.  Such testimony may be designated

25   as Confidential, when appropriate to do so, by a statement on the record, by all counsel, at the time

26   of such disclosure, identifying with particularity the precise Confidential Material(s).  The practice

27   of designating entire deposition transcripts, or large portions of such transcripts as "Confidential," is

28   presumptively inappropriate under this Order, and each party shall limit its designations only to

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON

1 such portions of the transcripts as are genuinely Confidential.  The witness need not agree to

2 Exhibit "A," but applicable parts of the transcript may be designated as "Confidential."

3          8.          The parties and their counsel will keep the Confidential Information in a safe, secure

4 location where the parties and their counsel may use it during the course of this litigation.  At the

5 conclusion of this litigation, including all appeals, and upon written notice from the producing

6 party, each party's counsel will either destroy, or return to each other party's counsel, within sixty

7 (60) days all Confidential Information produced.

8          9.          The provisions of this Stipulation and Protective Order shall continue in perpetuity

9 and shall survive the resolution of litigation between and among the parties.  Further, any

10 documents or work-product or other *writings* (as that term is defined in §§250, 255, 260 and other

11 relevant provisions of the California *Evidence Code*), created or obtained by any party, which is

12 based in whole or in part upon, or which incorporates or analyzes, another party's Confidential

13 Information, shall either be maintained as confidential by the creating or obtaining party or

14 destroyed along with all copies thereof at the conclusion of the litigation.

15          10.          The parties and their counsel agree that all Confidential Information produced in this

16 litigation shall be used solely for the purposes of this lawsuit and for no other purpose.  The

17 restrictions herein shall apply to any documents, materials or testimony that incorporate,

18 summarize, refer to, or contain Confidential Information.  Use of Confidential Information for any

19 other purpose by any person or party shall be a violation of this Protective Order.

20          11.          If at any time any Confidential Information in the possession, custody, or control of

21 any receiving party is subpoenaed or requested by any court, administrative or legislative body,

22 tribunal, or any other person or entity, other than a party to this litigation, purporting to have

23 authority to require production of such Confidential Information, the party to whom the subpoena

24 or other request is directed shall: (1) immediately after receipt thereof, give written notice by hand

25 or facsimile of such process or other request, together with a copy thereof, to counsel of record for

26 the producing or designating party; (2) cooperate to the extent necessary to permit the producing or

27 designating party to seek to quash such subpoena or request or to seek an appropriate protective

28 order; and (3) not make production or disclosure of such Confidential Information until the

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON

producing or designating party consents in writing to production or the receiving party is ordered by the court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

12.     No party may remove documents or information from the scope of this Stipulation and Protective Order, without the agreement of the producing party or further Order of this Court or as set forth herein.

13.     This Stipulation and Protective Order has resulted from discussion and negotiation between the parties, and should be construed as having been drafted jointly by the parties, rather than by either Plaintiffs or Defendant.

14.     The parties' agreement to and Stipulation to be bound by a Protective Order regarding the disclosure of Confidential Information in this matter shall not, by itself, result in the waiver of any objection or privilege applicable to the discovery, production or use in these proceedings of any of the Confidential Information covered by this Stipulation.  Each party to this Stipulation and Protective Order retains and does not waive, each of its rights with respect to any Confidential Information on any ground, including, but not limited to, relevancy, trade secret protection, the right to privacy, privileges based on confidential communications and the provisions of California *Civil Code* §§3294 and 3295, and California *Code of Civil Procedure* §§2018.010, *et seq.* and 2034.210, *et seq. or any other relevant code or case law.*

15.     Inadvertent production of privileged material shall not constitute a waiver of any applicable privilege against discovery.  In the event that a party or non-party provides written notice that privileged information has been inadvertently produced, all receiving parties shall destroy or return all copies of the documents containing the privileged information to the producing party within five (5) business days of receiving the written notice.  In the event, however, that the receiving party disputes the privileged status of the document, the receiving party shall sequester from use and review all copies of the identified document(s) containing the allegedly privileged information and shall promptly notify the party asserting privilege in writing of the dispute.  The parties shall meet and confer within ten (10) business days thereafter to seek to resolve any dispute concerning the privileged status of the document(s). If, by the end of that ten-business day period,

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON

1    the receiving party does not agree to return or destroy copies of the allegedly privileged

2    document(s), the party claiming privilege has (15) fifteen business days thereafter to file a motion

3    seeking to compel the return of the allegedly privileged document(s).  During the period that the

4    motion is being resolved by the Court, the document(s) shall remain sequestered.

5           16.     This Stipulation and Protective Order shall be valid and binding if signed by the

6    respective parties and counsel in counterpart.  Signatures obtained by facsimile transmittal shall be

7    acceptable to bind the parties, their counsel and necessary third parties to the terms of this

8    Stipulation and Protective Order.  The Confidential Information shall not be disclosed to any party

9    who has not entered into this Stipulation or executed a statement in essentially the same form as

10   "Exhibit A" except as otherwise stated herein.

11          17.     In the event that additional persons or entities become parties to this action, they

12   shall not have access to Confidential Information so designated in this action until a newly-joined

13   party or its counsel of record confirms in writing that it agrees to be bound by the terms of this

14   Protective Order.

15          18.     The United States District Court Eastern District is responsible for the interpretation

16   and enforcement of this Protective Order.  The parties and any other person subject to the terms of

17   this Protective Order agree that this Court has and retains jurisdiction during and after the

18   termination of this action for the purpose of enforcing this Protective Order.  The provisions of this

19   Protective Order shall, absent written permission of the relevant producing party or designating

20   party or further order of this Court, survive the conclusion of this action, including without

21   limitation any appeals therefrom.

22          19.     This Protective Order has no effect upon, and its scope shall not extend to, any

23   party's use of its own documents, materials or information.  Moreover, this Protective Order shall

24   not be construed to prevent any counsel and/or party from making use of designated Confidential

25   Information which:  (a) was lawfully in his or her possession prior to receipt from a party and

26   not otherwise subject to any obligation of confidentiality, (b) appears in any published material

27   available to the general public, without fault of a party, (c) was or is hereafter obtained from a

28   source or sources not under an obligation of confidentiality to the other parties, without fault of

6

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON

1   the party, or (d) is exempted from the operation of this Protective Order by written consent of the

2   producing party.

3

4   **IT IS SO STIPULATED.**

5

6   Dated:  June 11, 2014

7

8                                                                                     LOVE & ERSKINE

9

10                                                                           BY:      /s/ Kimberly S. Love_____

11                                                                                  RICHARD A. LOVE, ESQ.
                                                                                   KATHLEEN M. ERSKINE, ESQ.
12                                                                                 KIMBERLY S. LOVE, ESQ.
                                                                                   Attorneys for Plaintiff
13                                                                                 JAMES M. NELSON

14

15

16

17  Dated:  June 11, 2014

18                                                                                    FORD, WALKER, HAGGERTY & BEHAR

19

20                                                                           BY: :  /s/ Tina I. Mangarpan_____
                                                                                   JEFFREY S. BEHAR, ESQ.
21                                                                                 TINA I. MANGARPAN, ESQ.
                                                                                   Attorneys for Defendants,
22                                                                                 COUNTY OF SACRAMENTO,
                                                                                   SACRAMENTO SHERIFF'S
23                                                                                 DEPARTMENT, MURRAY BOULWARE,
                                                                                   MICHAEL VALE and JEFFREY
24                                                                                 SHELLDORF

25

26

27

28

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON

1

2

*Nelson v. County of Sacramento, et al. Case No. 2:12-cv-02040-MCE-DAD*

3

**EXHIBIT "A" TO STIPULATION AND PROTECTIVE ORDER**

4

I, _____, have read and understand the attached Stipulation and

5

Protective Order of Parties with regard to the confidentiality of documents produced in the

6

matters of *Nelson v. County of Sacramento, et al. Case No. 2:12-cv-02040-MCE-DAD*

7

I agree to be personally bound by all applicable provisions of the Stipulation and

8

Protective Order and the Court's Order thereon.  I further agree to maintain any Confidential

9

Information provided for my use or review in a safe and secure location and to return all such

10

Confidential Information to the source providing it to me within five (5) calendar days of a

11

written request to do so.

12

13

Dated:  _____          By: _____
                                                              (print name)

14

15

By: _____
                                                              (signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

8

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON

ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  June 11, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
nelson2040.stip.prot.ord.doc

STIPULATION RE: NON-DISCLOSURE OF CONFIDENTIAL INFORMATION
AND ORDER THEREON