Jeffrey S. Behar, Esq., Bar No. 81565
Tina I. Mangarpan, Esq., Bar No. 117898
Adam C. Hackett, Esq. Bar No. 220679
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center
Twenty-Seventh Floor
Long Beach, California 90831-2700
(562) 983-2500

Attorneys for Defendants, COUNTY OF SACRAMENTO, SACRAMENTO SHERIFF'S DEPARTMENT, MURRAY BOULWARE, MICHAEL VALE and JEFFREY SHELLDORF
***Public Entity, Gov't Code Section 6103***

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. NELSON,<br><br>    Plaintiff,<br><br>Vs.<br><br>COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a governmental entity; SCOTT R. JONES, an individual; MURRAY BOULWARE, an individual; MICHAEL VALE, an individual; JEFFREY SHELLDORF, an individual,<br><br>    Defendants. | No. 2:12-cv-02040-MCE-DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL VALE NOT BEING DEPOSED FILED PURSUANT TO COURT'S JUNE 12, 2014 ORDER (DKT. NO. 68)**<br><br>[Filed in Opposition to Motion to Compel (Dkt No. 56) and Joint Statement (Dkt. No. 62)]<br><br>Complaint Filed:  August 3, 2012<br>Current Discovery Cut-Off: June 25, 2014<br>Trial Date:  February 23, 2015 |

  Comes Now, Defendant MICHAEL VALE ("Defendant") and submits his Memorandum of Points and Authorities as to why his deposition should not proceed, as allowed by this Court's June 12, 2014 Order.

/ / /

/ / /

/ / /

/ / /

1

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL
MICHAEL VALE'S DEPOSITION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant submits the following authority that allows his deposition, as a party, to be precluded under Federal Rules of Civil Procedure, Rule 26(c).[1] Overall, as long as any witness' health and wellbeing is compromised, the deposition can be precluded. Cited below are cases that discuss unavailability for health reasons, with Schorr v. Briarwood Estates Ltd. Pshp., 178 F.R.D. 488 (N.D. Ohio 1998) ("Schorr") specifically discussing a party's inability to participate in a deposition.

While the court in Schorr still required the deposition to proceed, albeit on extremely limited grounds, the holding is important. It shows that litigant depositions can, and should, be precluded. Also, the plaintiff in Schorr only requested limitations on the deposition. She still felt she could proceed with it. More importantly, the impact of the deposition on Defendant's health here far exceeds the impact on the plaintiff's health in Schorr, *and Defendant's deposition could impact the safety of everyone in the room.*

To the extent this Court orders Defendant's deposition to proceed, which it should not, it should be ordered under similar limitations as those set forth in Schorr, with the added precaution of a telephonic deposition an/or videoconferencing.

### II. ARGUMENT

Protecting a party from a deposition falls within the same guidelines as any witness under Rule 26(c), which states in pertinent part:

> [T]he court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1)    that the disclosure or discovery not be had;
>
> (2)    that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place;

---

[1] All future references to the Federal Rules of Civil Procedure will be to "Rule."

(3)     that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4)     that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5)     that discovery be conducted with no one present except persons designated by the court

See also Schorr at 491 (issuing a protective order for a plaintiff).

Regardless of whether the witness is a party or not, preclusion of their deposition rests on whether there is a threat to their health. In re McCorhill Pub., Inc., 91 B.R. 223, 225 (S.D.N.Y. 1998) (citation omitted); Schorr at 491; Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 127 (D. Md. 2009); Wilder v. Se. Pub. Serv. Auth. of Va., No. 94-2621, 1995 U.S. App. LEXIS 30995 * 3 - * 4 (4th Cir. 1995). "[T]he court has a responsibility to undertake a detailed examination of whether a deposition would truly place a person's health at risk." Minter, 258 F.R.D at 127.[2]

In McCorhill, the Court prevented the party's chairman from being deposed based on his dementia and his heart condition, reasoning that it did not want to take responsibility for the adverse impact on the chairman's health:

> Not only is Mr. Kraus not able to process facts because of his dementia, but his heart may not withstand the agitation caused by the examination and cross-examination contemplated by the oral deposition. . . . [a]n oral deposition of Mr. Kraus, even if taken at his home, could have deleterious consequences to his health and that he was physically incapable of furnishing any information.
>
> This court is not prepared to assume the responsibility of subjecting Mr. Kraus to a life-threatening deposition simply on the statement of McCorhill's attorney that he has no intention of pressuring Mr. Kraus with questions if it appears that Mr. Kraus is incapable of furnishing any information. In the event that Mr. Kraus suffers a heart attack or other life-threatening seizure as a result of an oral deposition, no amount of subsequent apologies or statements of sorrow will compensate for the known risk, especially since the only medical testimony in this case reflects the fact that Mr. Kraus' life will be placed in jeopardy . . . .

---

[2] Defendant has produced his physician for an in camera examination by the Court. Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D.N.C. 1988) (citations omitted).

While <u>Schorr</u> is instructive, the facts here warrant precluding Defendant's deposition altogether. In <u>Schorr</u>, the plaintiff sued for alleged housing discrimination based on her suffering from Post Traumatic Stress Disorder ("PTSD") and major depression. <u>Schorr</u> at 489 – 490. Based on her fragile mental health, the plaintiff filed a motion to have her deposition on written questions or to have it limited. <u>Id</u>. at 490.

Plaintiff alleged that she would suffer certain psychological injuries if her deposition proceeded. <u>Schorr</u> at 492. She substantiated her claim by providing specific documentation from a psychological expert in the field of PTSD. <u>Id</u>. The expert stated that the plaintiff was in extremely fragile mental health, and, therefore, could not tolerate many things that a normal person could. <u>Id</u>. He also opined that there should not be any questioning into the underlying causes of plaintiff's PTSD. <u>Id</u>. The court found that plaintiff had made the necessary showing that the deposition would likely be dangerous to her health. <u>Id</u>.

Since the plaintiff only requested either written questions or limitations on the deposition, the court imposed many of the limitations set forth below in Section D, below, as to the scope her deposition. <u>Id</u>. These included having the deposition proceed before the Magistrate in a jury deliberation room, not inquiring into the cause of the PTSD and allowing the Magistrate to rule on the scope of questioning <u>Id</u>.

In the in camera hearing in this matter, Defendant's doctor, Martin R. Greenberg, Ph.D., detailed how an unrelated incident after the one at issue in this lawsuit merits the preclusion of Defendant's deposition due to the impact on his health. (Dkt. No. 67 (sealed).) Defendant's health will be severely affected if he is forced to engage the rigors of an adversarial deposition. (Id.) His health and wellbeing will also be adversely affected if he is forced to revisit the unrelated incident that caused his disability and that post-dated the incident at issue here. (Id.) In fact, Mr. Greenberg has opined that the safety of anyone at the deposition will be compromised if Defendant is forced to participate in a deposition. (Id.) Whereas the doctor in <u>Schorr</u> made recommendations of limiting the deposition, Dr. Greenberg has opined that Defendant cannot withstand any limitations.[3] (Id.)

---

[3] Answering written deposition questions under Rule 31 is duplicative to Plaintiff's interrogatories. More importantly, Defendant cannot withstand the subject matter of a written interrogatory

4

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL
MICHAEL VALE'S DEPOSITION

In short, Defendant's health and the safety of others will be severely compromised if Defendant's deposition is to proceed.[4]

### B.  The American with Disabilities Act Prevents Defendant's Deposition from Proceeding

The Americans with Disabilities Acts also merits preclusion of Defendant's deposition. While it is an unpublished California Superior Court case, Defendant directs the court to the case of Hunt Enterprises v. Sup.Ct., 2006 Cal.App.Unpub. LEXIS 2284 (2006). There, the Court issued a protective order under Code of Civil Procedure § 2025.420, which is similar to Rule 26(c), based on the Americans with Disabilities Act. In granting a protective order to preclude the deposition, the Court held that the disability should not be prejudiced by a court process:

> "The touchstone of a qualifying handicap or disability is an actual or perceived physiological disorder which affects a major body system and limits the individual's ability to participate in one or more major life activities." (Cassista v. Community Foods, Inc. (1993) 5 Cal.4th 1050, 1061.) It cannot be disputed that the purpose of the Legislature in providing the remedy set forth in section 2025.420, subdivision (b)(1) included an intention to protect persons whose mental capacity is affected by dementia or other mental disability. Subdivision (e)(1) of Civil Code section 51 specifically makes applicable the Americans with Disabilities Act to a person suffering from a mental disability.

Hunt Enterprises, 2006 Cal.App.Unpub. LEXIS 2284 at *7 - *8.

Here, Defendant's medical condition clearly falls within the Act, just as it did in Hunt Enterprises, which protects him from engaging in his deposition. While the plaintiff in Hunt Enterprises had dementia, the holding is broad enough to encompass other disabilities, such as Defendant's health issues. On this basis, the Court should also preclude Defendant's deposition.

---

deposition before a court reporter where Plaintiff may also revisit the unrelated incident giving rise to Defendant's health condition that post-dated the incident. (Dkt. No. 67.)  Also, the safety of the deposition officer would be compromised. (Id.)

[4] In the event the Court needs additional information, Dr. Greenberg can submit a declaration under seal to address the Court's concerns.

### C. Lack of Prejudice

Next, Plaintiff James M. Nelson ("Plaintiff") claims prejudice, but there really is none here. The remedy is to pursue further interrogatory responses. Plaintiff concedes this in his Joint Statement at Page 7:

> Plaintiff would be extremely prejudiced if this case proceeded to trial with no opportunity to depose Vale, particularly considering Vale's brief, vague, and nonspecific interrogatory responses. Vale stated in his interrogatories that plaintiff "refused to follow instructions to stay in his vehicle after being pulled over by the deputy sheriffs Vale and Shelldorf, was agitated and made an overt action to Deputy Vale" and that Vale's conduct was "reasonable and necessary under the circumstances in responding to Plaintiff's behavior." Love Dec., ¶9, Ex. 1. Plaintiff attempted to meet and confer in order to obtain more details about what instructions were issued, how plaintiff was agitated, what the "overt action" was, what force was used, and what behavior Vale was responding to, but defendant declined to provide supplemental responses. Love Dec., ¶¶9, 10. If Vale is competent to testify, then he should give his testimony regarding the events at issue.

In other words, Plaintiff only wants further interrogatory responses. To the extent Plaintiff believes his needs this additional information – "what instructions were issued, how plaintiff was agitated, what the 'overt action' was [of Plaintiff], what force was used, and what behavior Vale was responding to" – his remedy is to compel further responses and/or simply look at the patrol car video produced, not take a deposition where Defendant's health and the safety of others will be compromised.

### D. If a Deposition Is Ordered, Restrictions Should Be Placed on It

While Defendant cannot submit to a deposition, in the event one is ordered, he asks that the below limitations be ordered. Defendant and Dr. Greenberg will evaluate whether the Court's order will allow his deposition to proceed, or if he will be forced to place his health and safety, as well as the safety of others, above the consequences of not participating in the deposition. The following are the limitations that the court in <u>Schorr</u> allowed at Page 492:

(1) The deposition shall be taken at a neutral site, the jury deliberation room of the Court.

(2) The deposition shall be scheduled in two-hour segments.

(3) The deposition shall be taken in the presence of a Magistrate judge, who may use discretion to determine, among other things:

      (a)    Whether the deposition should be adjourned at any time during the two-hour period;

      (b)    Whether the questions are abusive or oppressive; and

      (c)    Whether all counsel are conducting themselves in a temperate, dignified, and responsible manner.

(5)    Defendant may not be probed in detail about the nature and cause of his disability.

(6)    If the parties disagree during the course of the examination about the extent to which an area may be explored, the Magistrate shall determine the proper scope of the examination, consistent with the goals and objectives of the Order.

To provide for the safety of Defendant and the others, Defendant asks that any order provide for Plaintiff to arrange and pay to have Defendant's deposition conducted telephonically and/or by videoconference, where the following people can be present remotely: Plaintiff's counsel conducting the deposition, Defendant's counsel and the Magistrate judge.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court issue an Order preventing his deposition from going forward.[5] In the alternative, Defendant requests that this Court issue an appropriate order governing the scope of his deposition on the terms set forth herein.

Dated: May 29, 2014                        FORD, WALKER, HAGGERTY & BEHAR

                                                By:    /s/ Adam C. Hackett
                                                       Jeffrey S. Behar
                                                       Tina I. Mangarpan
                                                       Adam C. Hackett
                                                       Attorneys for Defendants
                                                       COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, MURRAY BOULWARE, MICHAEL VALE, and JEFFREY SCHELLDORF

237\12\004\Pleadings\##Ps As Vale.doc

---

[5] Defendant will certainly stipulate to his unavailability at trial. Also, Defendant's unavailability at trial can be handled through Federal Rules of Evidence 804.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL MICHAEL VALE'S DEPOSITION

**PROOF OF SERVICE BY MAIL – F.R.Civ.P. 5)**

NELSON v. COUNTY OF SACRAMENTO., et al.
USDC – EASTERN DISTRICT CASE NO. 2:12-CV-02040-MCE-DAD

UNITED STATES DISTRICT COURT         )
                                     )
EASTERN DISTRICT OF CALIFORINA       )

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: One World Trade Center, Twenty-Seventh Floor, Long Beach, California 90831-2700.

On June 18, 2014, I served the within: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL VALE NOT BEING DEPOSED FILED PURSUANT TO COURT'S JUNE 12, 2014 ORDER (DKT. NO. 68)** on the interested parties in said action,

___ by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP5(b);

___ by depositing it in the United States Mail at Long Beach, California, in a sealed envelope with the postage fully prepaid to the following;

_X_ (BY ELECTRONIC SERVICE) I caused such document to be Electronically Served on all parties through the **United States District Court – Eastern District** for the above-entitled case. This service complies with CCP §1010.6. The file transmission was reported as complete and a copy of the "Filing Receipt" page will maintained with the original document in our office.

| Richard A. Love, Esq.<br>Kathleen M. Erskine, Esq.<br>Kimberly S. Love, Esq.<br>LOVE & ERSKINE, LLP<br>11601 Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90025<br>(310) 477-2070; (310) 477-3922 Fax<br>rlove@love-law.net<br>kerskine@love-law.net<br>kslove@love-law.net | |

_X_ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_X_ I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2014, at Long Beach, California.

*Michele R. Aparicio*
MICHELE R. APARICIO

8

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL
MICHAEL VALE'S DEPOSITION