UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. NELSON, | No. 2:12-cv-2040 MCE DAD |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

On June 6, 2014, this matter came before the undersigned for hearing of plaintiff's motion to compel the deposition of defendant Michael Vale. Attorney Kimberly Love appeared on behalf of the plaintiff. Attorney Tina Mangarpan appeared telephonically on behalf the defendants and attorney Adam Hackett appeared in person, also on behalf of the defendants. At that hearing the undersigned set an ex parte in camera hearing to hear from defendant Vale's doctor, Dr. Martin Greenberg, Ph.D., regarding defendant Vale's ability to be deposed.

On June 11, 2014, the matter came before the undersigned for the ex parte in camera hearing and the court heard from Dr. Greenberg. Thereafter, the undersigned ordered defendants to file a brief setting forth the legal authority in support of their argument that defendant Vale should not be deposed in this action. (Dkt. No. 68.) Defendants filed their brief on June 18, 2014, (Dkt. No. 70), and plaintiff filed a reply brief on June 23, 2014. (Dkt. No. 71.)

/////

1

ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). A "relevant matter" under Rule 26(b)(1) is any item that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. FED. R. CIV. P. 37(a)(3)(B). The party opposing discovery bears the burden of resisting disclosure. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992). Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by prohibiting a deposition. FED. R. CIV. P. 26(c). See also Serrano v. Cintas Corp., 699 F.3d 884, 901 (6th Cir. 2012). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. GMC, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Here, the court has reviewed the authorities cited by counsel for defendant Vale in an attempt to glean support for their argument that defendant Vale should not be subject to deposition in this action. Having completed that review, the court finds that the cases cited by the defendants do not support their argument nor have the defendants shown good cause for an order prohibiting defendant Vale's deposition.

Defendants cite the decision in In re McCorhill Pub., Inc., 91. B.R. 223, 225 (S.D. N.Y. 1998) in support of their argument. In McCorhill the court began its analysis by noting that, "[a] prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order." Id. at 225. Ultimately the court in McCorhill granted the requested protective order because the deponent was "80 years of age, suffers from several degenerative diseases including Alzheimer's-type disease, and congenital heart, renal and arthritis

conditions which confine him to a wheelchair." Id. at 224. Moreover, evidence from a doctor indicated that the deponent had "reached a vegetative state," and that a deposition "would constitute a direct threat to his life and could cause heart failure." Id. at 224-225. Accordingly, the court noted that it appeared that the deponent was "incapable of furnishing any information." Id. at 225.

Defendants also cite Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118 (D. Md. 2009) in support of their position. In Minter, however, the court noted that "[a] motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, [a]nd it is difficult to persuade a court to do so,"[1] id. at 125, before ultimately ordering the deponent, a 75 year-old man who claimed that his health problems flared up from time to time and that his stamina had declined over the years, to be deposed over the course of two days. Id. at 127-28.

Another case cited by defendants is Wilder v. Southeastern Public Service Authority of Virginia, 69 F.3d 534, 1995 WL 637229 (4th Cir. 1995) (unpublished Table Decision). In addition to being an unpublished, out of circuit, decision, the Fourth Circuit in Wilder merely found no abuse of discretion where the District Court first limited the deposition of a deponent suffering from multiple sclerosis to only written questions and then later excused her from being deposed after her doctor "reported that the stress of answering the questions had adversely affected her physical condition," and that continuing to answer the questions could have "endangered her health permanently." 1995 WL at *1-2. While the decision in Wilder provides some support for the argument that a court may excuse an individual from appearing at a deposition, it provides no authority for the proposition that defendant Vale should be excused from attending his deposition based upon the showing made here.[2]

Finally, the decision which defendants principally rely upon is Schorr v. Briarwood Estates Ltd. Partnership, 178 F.R.D. 488 (N.D. Ohio 1998). In Schorr, the plaintiff, a mentally

---

[1] See also Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434 (M.D. N.C. 2001) ("protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances").

[2] The Fourth Circuit has stated that citation to its unpublished dispositions issued prior to January 1, 2007 is disfavored. See U.S. Ct. of App. 4th Cir. Rule 32.1.

disabled woman who had been receiving disability benefits for several years for post-traumatic stress disorder and major depression, filed a complaint alleging that she had been discriminated against in violation of the Fair Housing Act of 1988. Id. at 489. The plaintiff alleged that in the course of applying for an apartment she had been forced to discuss the cause of her disability, an alleged rape, in the presence of employees and tenants of the defendant's apartment complex. Id. at 490.

Plaintiff sought a protective order alleging that her mental health was extremely fragile and requesting that her deposition be limited to written questions. Id. In support of her request plaintiff submitted an affidavit from a doctor who specialized in PTSD and who had examined the plaintiff and concluded that her mental health was "extremely fragile," but nonetheless providing a list of recommendations should the court conclude that an oral deposition was necessary. Id. After finding that the plaintiff had "made a specific and documented factual showing that the deposition is likely to be dangerous to her health, unless limited," the court granted plaintiff's motion in part but nonetheless ordered "that the deposition be taken under certain conditions." Id. at 492.

Here, defendant Vale's competency is not at issue.[3] Moreover, there has been no showing that the taking of his deposition would pose a danger to defendant Vale's. In this regard, Dr. Greenberg merely expressed his legitimate concern regarding how defendant Vale might respond to being deposed and not about any possible negative impact of a deposition on defendant Vale's long term health or continued treatment.[4] None of the cases cited by defendant Vale, or those found by the court, provide authority for prohibiting the deposition of a defendant who is competent, likely in possession of unique and highly relevant information and who fails to provide a specific and documented factual showing of a likelihood of harm posed by the taking of his deposition.

---

[3] In light of the sensitive nature of defendant's health information, the court will not go into the details of defendant's condition or Dr. Greenberg's opinions provided at the ex parte in camera hearing.

[4] Indeed, the primary concern expressed by Dr. Greenberg and defense counsel with regard to defendant Vale's deposition has been the safety of others in attendance.

4

Defense counsel also argues that defendant Vale should not be deposed because he is disabled under the Americans With Disabilities Act (ADA). (Dkt. No. 70 at 5.) Defendants' argument in this regard is based upon an unpublished decision issued by the California Court of Appeal in Hunt Enterprises, Inc. v. Superior Court, No. B187675, 2006 WL 689307 (2006). The court in Hunt, however, found that the deponent had "made a specific and documented factual showing that [he could not] provide accurate information reasonably likely to lead to discovery of admissible evidence," and entered an order barring all discovery from the deponent, "an 85-year-old man suffering from senile dementia," because he could not "process information in any meaningful manner and [was] unable to give accurate testimony." Id. at *3. As should be readily apparent, the facts presented in Hunt are not in any way present here. Accordingly, the court finds defendants' argument based on the ADA to be entirely unpersuasive.[5]

Defense counsel has also requests that in the event the court does order defendant Vale to be deposed, that limitations be placed on his deposition. (Defs.' Brief (Dkt. No. 70) at 7.) Specifically, defendants ask for the same limitations ordered by the court in Schorr, specifically that: (1) the deposition take place at a neutral site or the court's jury deliberation room; (2) the deposition be scheduled in two-hour segments; (3) the deposition take place in the presence of the undersigned; (4) defendant Vale not be probed in detail about the nature and cause of his disability; and (5) if a disagreement about the course of the examination arises the undersigned shall resolve the issue. (Id.) Defendants also ask that:

> Plaintiff . . . arrange and pay to have Defendant's deposition conducted telephonically and/or by videoconference, where the following people can be present remotely: Plaintiff's counsel conducting the deposition, Defendant's counsel and the Magistrate judge.

---

[5] Defense counsel also suggest that plaintiff will not be prejudiced by an inability to depose defendant Vale, one of two defendants plaintiff alleges subjected him to the excessive use of force, because plaintiff can "pursue further interrogatory responses." (Dkt. No. 70 at 6.) Defense counsel's argument is based on an inaccurate characterization of plaintiff's counsel's position as being that only further responses to plaintiff's interrogatories were needed. (Id.) More importantly, under defendants' reasoning, no plaintiff would be prejudiced by an inability to depose a defendant where the plaintiff could pursue further interrogatory responses. Such a suggestion is, of course, absurd.

5

(Id.)

In response to defendant Vale's demands, plaintiff has agreed to schedule defendant Vale's deposition in two hour segments and to conduct the deposition at a neutral site or at the office of defense counsel. (Pl.'s Reply (Dkt. No. 71) 7.) However, plaintiff argues that holding the deposition in the court's jury deliberation room and requiring the undersigned to be present for the deposition would be an undue and unjustified burden on the court. The undersigned agrees, at least in part.

The undersigned will not attend defendant Vale's deposition because no showing of good cause necessitating such an extraordinary step has been made.[6] Nor will the undersigned prohibit plaintiff's counsel from inquiring into the nature and cause of defendant Vale's disability, since that are of inquiry may well reveal information highly relevant to this action and, unlike the case in Schorr, defendant has not made a showing as to the likelihood or degree of risk posed by defendant Vale's deposition. The undersigned also will not order plaintiff to arrange and pay for defendant Vale's deposition to be conducted telephonically or by video conference because no showing has been made necessitating such a limitation on normal discovery practice.

However, defense counsel has stated that in addition to defendant Vale's health, "Defendant's deposition could impact the safety of everyone in the room." (Defs.' Brief (Dkt. No. 70) at 2.) Although defendants have failed to establish that defendant Vale should be excused from being deposed, obviously the safety of all involved is of great importance to the court. The undersigned discussed with defense counsel at the June 11, 2014 ex parte in camera hearing safeguards that could be employed to ensure the safety of everyone involved in defendant Vale's deposition. Out of an abundance of caution, the court will therefore order at this time that defendant Vale's deposition be conducted in the courthouse at 501 I Street in Sacramento,

---

[6] The parties are advised that the undersigned is available to rule on a dispute that arises during the deposition, as long as the parties are available by telephone during the deposition and both parties agree to abide by the undersigned's ruling. If such a dispute arises and the parties wish to contact the undersigned to resolve the dispute the parties may contact the undersigned's courtroom deputy, Pete Buzo, at (916) 930-4128. However, counsel are forewarned that due to other obligations, the undersigned will be unavailable from July 14, 2014 through July 28, 2014.

1 California with a Court Security Officer (CSO) or Deputy U.S. Marshal present.[7] The deposition
2 will be conducted inside an available courtroom, with all participants being required to pass
3 through security screening.  The parties are directed to contact the undersigned's courtroom
4 deputy, Pete Buzo, at (916) 930-4128, to make the necessary arrangements regarding the exact
5 location for the deposition within the building, the date and time so that security personnel may
6 be notified.  Defendant Vale's deposition shall be completed prior to the discovery cut-off date in
7 this action which was recently continued to August 5, 2014.

## CONCLUSION

Upon consideration of the arguments on file and at the June 6, 2014, and June 11, 2014 hearings, and for the reasons set forth above and on the record at those hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dkt. Nos. 56) is granted;

2. Plaintiff may depose defendant Michael Vale; and

3. The deposition of defendant Vale shall be scheduled in two hour segments and occur inside the Robert T. Matsui U.S. Courthouse located at 501 I Street in Sacramento, California and shall be completed prior to August 5, 2014.

Dated:  July 1, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\nelson2040.depo.ord.docx

---

[7] An alternative would be to conduct defendant Vale's deposition by video conference.  This order does not preclude the parties from mutually agreeing to conduct the deposition in that manner, nor does it preclude the parties from stipulating to any other appropriate limitations with respect to defendant Vale's deposition.  However, absent any such agreement this order requires that the deposition be conducted inside the courthouse.